IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JARIUS COLLINS**                                                       **PETITIONER**

**v.**                                                 **CAUSE NO. 2:18-cv-46-TBM-RPM**

**COMMISSIONER,
MISSISSIPPI DEPARTMENT
OF CORRECTIONS**                                        **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on submission of the Report and Recommendation [13] entered by United States Magistrate Judge Robert P. Myers, Jr. on August 3, 2021. Judge Myers reviewed the Petition for Writ of Habeas Corpus [1, 3] pursuant to 28 U.S.C. § 2254, the Response [8] in Opposition to the Petition, and Petitioner's Rebuttal [10]. Judge Myers determined that the grounds asserted in the Petition did not entitle the Petitioner to relief, and that the Petition should be denied. Therefore, Judge Myers recommends that this case should be dismissed. The Petitioner received the Report and Recommendation and timely filed his Objection [14] on August 9, 2021.

### I. INTRODUCTION

While the Petitioner raised four grounds for relief in his Petition, he only objects to Judge Myers' finding regarding his first ground: whether the Mississippi speedy trial statute is unconstitutional as interpreted. Because the Petitioner merely reurges his prior arguments and fails to address Judge Myers' finding that this claim is unexhausted, his Objection is overruled. Further, as discussed below, Mississippi's speedy trial statute is not unconstitutionally interpreted because

it does not interfere with the speedy trial right guaranteed by the United States Constitution. In fact, the Petitioner's grievance is better framed as a criticism of how the Mississippi Supreme Court interprets Mississippi's own speedy trial statute. That is a state law issue of statutory interpretation that is not proper for a federal habeas petition. The Report and Recommendation's other findings, which are without objection, are not clearly erroneous and are adopted by this Court.

## II. STANDARD OF REVIEW

It is well-settled that "parties filing objections must specifically identify those findings objected to." *Johansson v. King*, No. 5:14-cv-96-DCB, 2015 WL 5089782, at *2 (S.D. Miss. Aug. 27, 2015). The Court must review any objected-to portions of a report and recommendation *de novo*. Such a review means that the Court will consider the record that has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980). The Court need not consider frivolous, conclusive, or general objections. *Johansson*, 2015 WL 5089782, at *2 (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)). Additionally, "[m]erely reurging the allegations in the petition or attacking the underlying conviction is insufficient to receive *de novo* review." *Id*. When a *de novo* review is not warranted, the Court need only review the findings and recommendation and determine whether they are either clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); *see also* FED. R. CIV. P. 72(b).

## III. DISCUSSION

In the Report and Recommendation, Judge Myers found that the Petitioner did not exhaust his state remedies in connection with his federal habeas claim. [13], at pg. 12. Judge Myers then

found that even if the Petitioner had exhausted his state remedies, the federal habeas claim still fails. After noting the distinction between the Petitioner's statutory and Sixth Amendment speedy trial claims, Judge Myers found that the Mississippi Court of Appeals followed the Mississippi Supreme Court's precedent by addressing the Petitioner's statutory and Sixth Amendment speedy trial claims separately on appeal. [13], at pg. 18. Since the Mississippi Court of Appeals identified and applied the proper constitutional test under *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972), Judge Myers found that the Court does not need to address "whether the *Walton* test is constitutional in this case." *Id*. at pg. 15. *See Walton v. State*, 678 So. 2d 645 (Miss. 1996) (holding that Mississippi's *statutory* speedy trial right can be waived and requiring defendants to show prejudice to obtain relief). Finally, in his thorough opinion, Judge Myers found that the Mississippi Court of Appeals' application of the *Barker* framework for analyzing the Petitioner's Sixth Amendment speedy trial claim was not objectively unreasonable. *Id*. at pg. 28.

The Petitioner's Objection, however, is not related to a specific finding within the Report and Recommendation. Instead, this objection merely reurges the allegations in Ground One of his Petition. He argues that "Mississippi appellate courts are applying [Mississippi Code] Section 99-17-1 in a manner that violates the 6th Amendment rights of Petitioner." [14], at pg. 4. Since the Petitioner's Objection is not related to a specific finding within the Report and Recommendation, he is not entitled to a *de novo* review of the Report and Recommendation. Further, the Petitioner's Objection does not address Judge Myers' finding that this claim had not been exhausted in the state courts. The Court has reviewed Judge Myers' determination in this regard and has found no clear error. The Court could stop here.

However, the Court finds it worthwhile to clear up the merits of Petitioner's claim and objection in Ground One. Petitioner alleges that the Mississippi *statutory* speedy trial right, as interpreted, violates the constitutional right to speedy trial established in *Barker v. Wingo*, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972). MISS. CODE § 99-17-1 states:

> Unless good cause be shown, and a continuance duly granted by the court, all offenses for which indictments are presented to the court shall be tried no later than two hundred seventy (270) days after the accused has been arraigned.

The statute is facially valid, and Petitioner does not argue otherwise. But, beginning with *Walton v. State*, 678 So. 2d 645 (Miss. 1996), Mississippi courts have recognized two important additions. First, a state defendant can waive the statutory right to speedy trial by failing to assert it. *Id.* at 650. Second, the defendant must show that he suffered prejudice to obtain relief. *McBride v. State*, 61 So. 3d 138, 147 (Miss. 2011). The *Walton* statutory speedy trial test differs from the United States Supreme Court's constitutional test created in *Barker*. The *Barker* Court generated four factors: (1) the length of delay, (2) the reason for the delay, (3) the assertion of the right, and (4) the prejudice to the defendant. *Barker*, 407 U.S. at 530-33. The Supreme Court stressed that "none of the four factors identified above [are] either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial." The Petitioner argues that a discrepancy exists between what is required to obtain statutory speedy trial relief and what is required to obtain constitutional speedy trial relief. Thus, the Petitioner demands habeas relief.

The Petitioner's argument is misplaced. "States are free to provide greater protections in their criminal justice system than the Federal Constitution requires." *California v. Ramos*, 463 U.S. 992, 1014, 103 S. Ct. 3446, 77 L. Ed. 2d 1171 (1983). In fact, the United States Supreme Court noted in *Barker* that states are entitled to provide greater speedy trial rights, so long as they do not reduce the rights granted by the United States Constitution. *Barker*, 407 U.S. at 523 ("We find no

4

constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months. The States, of course, are free to prescribe a reasonable period consistent with constitutional standards, but our approach must be less precise."). And many other states have indeed provided additional *statutory* speedy trial protections to defendants. *See generally* WAYNE R. LAFAVE & JEROLD H. ISRAEL, CRIMINAL PROCEDURE § 18.3(c) (2d ed. 1992).[1] The United States Constitution provides a floor for individual rights. States are free to raise that floor, but they may not go below.

By providing a 270-day deadline to bring a defendant to trial, the Mississippi speedy trial statute furnishes Mississippi defendants with a greater protection than the constitutional baseline that cannot "be quantified into a specific number of days or months." *Barker*, 407 U.S. at 523. *See also Goodrum v. Quarterman*, 547 F.3d 249, 257, 260 (5th Cir. 2008) (explaining that the Sixth Amendment speedy trial right generally requires a threshold showing of a delay approaching one year to trigger the full *Barker* factor analysis and that a delay of at least five years must be shown to presume prejudice). The Petitioner argues that, because of *Walton* and its progeny, Mississippi's statute also provides less protection than the Constitution. Yet, as Judge Myers noted, Mississippi courts consider a defendant's statutory speedy trial right to be totally independent from a defendant's constitutional speedy trial right. *See Franklin v. State*, 136 So. 3d 1021, 1032 (Miss. 2014) (citing *Simmons v. State*, 678 So. 2d 683, 686 (Miss. 1996)) ("An analysis of [the defendant's] constitutional right to a speedy trial must be made apart from his statutory right."). The

---

[1] Some state law speedy trial rights also contain requirements similar to the ones at issue here. *See, e.g.,* GA. CODE § 17-7-170 (requiring defendants in Georgia to make a demand for speedy trial); ARK. R. CRIM. P. 28.1(g)(3) (stating statutory right to speedy trial in Arkansas may be waived if the defendant fails to make a motion to dismiss); *People v. Egbert*, 68 Cal. Rptr. 2d 913, 918 (Cal. Ct. App. 1997) (explaining that defendants claiming a violation of California's statutory trial right after conviction must demonstrate prejudice).

5

Mississippi Court of Appeals followed this model in the Petitioner's own case, first analyzing his statutory right and then separately analyzing his constitutional right. *Collins*, 232 So. 3d at 744-48. Thus, Mississippi's statutory speedy trial right in no way interferes with the Petitioner's constitutional speedy trial right. It is simply an additional protection for defendants that the state of Mississippi built atop the Constitution's floor. The Petitioner cannot complain to a federal court through habeas relief that the state did not interpret this state statutory right to his liking.

Indeed, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)). Federal habeas courts may not "reexamine state-court determinations on state-law questions." *Id.* Instead, "consideration of a claim that a state has violated its own speedy trial rules is limited to a determination of whether the state's action has violated Petitioner's constitutional right to a speedy trial or to due process." *Millard v. Lynaugh*, 810 F.2d 1403, 1406 (5th Cir. 1987). The Petitioner does not challenge Judge Myers' finding that his constitutional speedy trial right was not violated by the state. In fact, the Petitioner has admitted that he was unlikely to prevail under the *Barker* test. ECF NO. 9-6, pg. 9. Since the Petitioner has shown no constitutional violation, there can be no federal habeas relief.[2]

As the Petitioner failed to object to the rest of the Report and Recommendation, this Court shall only review for clear error. Having found none, the Court is satisfied that Judge Myers has undertaken an extensive examination of the issues in this case and has issued a thorough opinion. The Court finds that the Report and Recommendation is neither clearly erroneous nor contrary to law. FED. R. CIV. P. 72(b).

---

[2] For the reasons set forth previously, even under a *de novo* review, the Petitioner's Objection would fail.

## IV. CONCLUSION

Having given full consideration to the Petitioner's Objection, this Court finds that it is not well taken. Therefore, after full consideration, the Report and Recommendation is approved and adopted as the Order of this Court.

IT IS THEREFORE ORDERED AND ADJUDGED that the Petitioner's Objection [14] to the Report and Recommendation of the United Stated Magistrate Judge is OVERRULED.

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation [13] of United States Magistrate Judge Robert P. Myers, Jr. filed in this cause on August 3, 2021, is ADOPTED.

IT IS FURTHER ORDERED AND ADJUDGED that the Petition for Writ of Habeas Corpus [1, 3] is DISMISSED.

THIS, the 22nd day of September, 2021.

                                            TAYLOR B. McNEEL
                                            UNITED STATES DISTRICT JUDGE